**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI**

| | | |
|---|---|---|
| BILLIE POWELL, individually and on behalf of all other similarly-situated current Missouri citizens, | ) ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | Div. 1 |
| THE HERSHEY COMPANY, | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

Serve:  The Hershey Company
        c/o CT Corporation System Inc. RAGT
        600 N. 2nd St., Ste. 401
        Harrisburg PA 17101

**PETITION AND JURY DEMAND**

Plaintiff, Billie Powell, individually and on behalf of all similarly situated Missouri citizens, alleges the following facts, and claims upon personal knowledge, investigation of counsel, and information and belief.

**CASE SUMMARY**

1.     This case arises out of Defendant The Hershey Food Company's ("Defendant") deceptive, unfair, and false merchandising practices regarding its Brookside brand (a) Pomegranate Dark Chocolate; (b) Acai & Blueberry Dark Chocolate; and (c) Goji & Raspberry Dark Chocolate (collectively, the "Chocolate").

2.     On the label of the Chocolate, Defendant prominently represents that the Chocolate contain "NO ARTIFICIAL FLAVORS" which leads Missouri citizens to believe that the

1

Chocolate does not contain any artificial, synthetic flavoring agents or flavor enhancers in its ingredients.

3.      However, the Chocolate contains malic acid which simulates and reinforces a tart, fruit-like flavor (the "Synthetic Flavoring Agent").

4.      Malic acid is an artificial, synthetic food additive commercially-manufactured from petrochemicals used in processed foods primarily as a "flavor enhancer[1]" or "flavoring agent[2]," though it can also be used as a "pH control agent[3]" in food.  *See* 21 C.F.R. §184.1069(c).

5.      Defendant added malic acid to its Chocolate as an artificial flavoring agent and/or flavor enhancer to reinforce the fruit flavors in the Chocolate.

6.      Even if Defendant added malic acid to the Chocolate as a pH control agent, its presence in the Chocolate nonetheless impacts, affects, or enhances the flavor and/or flavoring profile of the Chocolate.  Simply put, if Defendant removed the malic acid from the Chocolate, then it would taste different.

7.      Because the Chocolate contains malic acid, which simulates and reinforces the characterizing fruit flavors in the Chocolate, the FDA requires that the front label of the packaging disclose those additional flavors rather than state, as it does, that the Chocolate has "NO ARTIFICAL FLAVORS."  *See* 21 C.F.R. § 101.22.

8.      According to the FDA, if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word,

---

[1] "Flavor enhancers: Substances added to supplement, enhance, or modify the original taste and/or aroma of a food, without impairing a characteristic taste or aroma of its own."  21 C.F.R.  § 170.3(o)(11).
[2] "Flavoring agents and adjuvants: Substances added to impart or help impart a taste or aroma in food."  21 C.F.R.  § 170.3(o)(12).
[3] "pH control agents: Substances added to change or maintain active acidity or basicity, including buffer, acids, alkalies, and neutralizing agents."  21 C.F.R.  § 170.3(o)(23).

vignette, e.g., depiction of a fruit, or other means" then such flavor is considered the "characterizing flavor." *See* 21 C.F.R. § 101.22(i).

9. Pomegranate is the primary recognizable flavor in Defendant's Pomegranate Dark Chocolate according to its front label, which clearly states "Pomegranate Flavor" along with the photo vignette of an open pomegranate fruit next to chocolate chunks.

10. Acai and blueberry are the primary recognizable flavors in Defendant's Acai & Blueberry Dark Chocolate according to its front label, which clearly states "Acai & Blueberry Flavors" along with the photo vignette of blueberries next to chocolate chunks.

11. Goji and raspberry are the primary recognizable flavors in Defendant's Goji & Raspberry Dark Chocolate according to its front label, which clearly states "Goji & Raspberry Flavors" along with the photo vignette of raspberries and goji berries next to chocolate chunks.

12. Federal regulations declare that if a food contains artificial flavor which simulates, resembles, or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor shall be accompanied by the phrases "artificial" or "artificially flavored" made in boldface print on the front display panel and of sufficient size for an average consumer notice *See* 21 C.F.R. § 101.22(i).

13. Because the artificial malic acid simulates, resembles, and reinforces the characterizing fruit flavors of the Chocolate, Defendant was required to prominently display a notice on the Chocolate's front label informing consumers that the Chocolate contains artificial flavoring.

3

14. Defendant failed to prominently display a notice on the Chocolate's front label informing consumers that the Chocolate contains artificial flavoring, deceiving consumers and violating federal and state regulations.

15. The Chocolate contains the Synthetic Flavoring Agent in direct contravention to its express representation that it has "NO ARTIFICIAL FLAVORS."

16. Plaintiff and reasonable consumers reasonably believe, define, and assume that Chocolate labeled "NO ARTIFICIAL FLAVORS" is in fact made without any artificial, synthetic flavoring agents and does not contain any artificial, synthetic flavoring agents.

17. Because the Chocolate contains the Synthetic Flavoring Agent, the representation that the Chocolate has "NO ARTIFICIAL FLAVORS" is unfair, false, deceptive, and misleading.

18. In addition, by claiming the Chocolate has "NO ARTIFICIAL FLAVORS," the label of the Chocolate creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.020) into believing that the Chocolate has no artificial, synthetic flavoring agents when in fact the Chocolate contains the Synthetic Flavoring Agent. Moreover, the overall format and appearance of the label of the Chocolate has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.030) because it creates the false impression that the Chocolate has NO ARTIFICIAL FLAVORS.

19. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

**PARTIES**

20. Plaintiff, Billie Powell, is a Missouri citizen residing in the City of St. Louis, Missouri. On multiple occasions during the Class Period (as defined below), including in

4

Electronically Filed - City of St. Louis - February 15, 2023 - 03:14 PM

December 2022 and January 2023, Plaintiff purchased Defendant's Pomegranate Dark Chocolate, Acai & Blueberry Dark Chocolate, and Goji & Raspberry Dark Chocolate after reading the "NO ARTIFICIAL FLAVORS" label, at Dierbergs in St. Louis, Missouri, for personal, family, or household purposes. The purchase price of the Chocolate was $3.50 per bag. Plaintiff's claim is typical of all class members in this regard.

21. Defendant, The Hershey Company is a Delaware corporation with its principal place of business in Hershey, Pennsylvania.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

23. Plaintiff believes and alleges that the total value of Plaintiff's individual claim is, at most, equal to the refund of the purchase price paid for the Chocolate.

24. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

25. There is therefore no diversity or CAFA jurisdiction for this case.

26. Defendant cannot plausibly allege that it has sufficient sales of the Chocolate in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

27. This Court has personal jurisdiction over Defendant as Defendant has more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed

5

affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Chocolate for sale throughout the State of Missouri.

28. Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of the City of St. Louis and her injuries occurred in the City of St. Louis.

29. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

30. Defendant manufactures, distributes, and sells the Chocolate.

31. The label of the Chocolate states that the Chocolate has "NO ARTIFICIAL FLAVORS."

32. Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain potentially harmful, artificial, synthetic ingredients, Defendant sought to take advantage of this growing market by labeling the Chocolate as having "NO ARTIFICIAL FLAVORS."

33. By affixing such a label to the packaging of the Chocolate, Defendant can entice consumers like Plaintiff to pay a premium for the Chocolate or pay more for it than they otherwise would have had the truth be known.

34. The label of the Chocolate is deceptive, false, and misleading in that Defendant prominently represents that the Chocolate is made with "NO ARTIFICIAL FLAVORS," when it is not.

35. The Chocolate is not made with NO ARTIFICIAL FLAVORS because it contains the Synthetic Flavoring Agent.

36. Plaintiff and reasonable consumers reasonably believe and assume that Chocolate labeled "NO ARTIFICIAL FLAVORS" does not contain any artificial, synthetic flavoring agents.

37. Neither Plaintiff nor any reasonable consumer would expect to find the Synthetic Flavoring Agent in Chocolate labeled "NO ARTIFICIAL FLAVORS."

38. Neither Plaintiff nor any reasonable consumer would know that malic acid is a synthetic, artificial ingredient.

39. Because of Defendant's deceitful label, Defendant could charge, and Plaintiff and Class Members paid, a premium for the Chocolate.

40. The Chocolate, moreover, was worth less than it was represented to be, and Plaintiff and Class Members paid extra for it due to the "NO ARTIFICIAL FLAVORS" label.

41. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce. RSMo. § 407.020.

## CLASS ALLEGATIONS

42. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on his own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All current Missouri citizens who purchased Brookside brand Pomegranate Dark Chocolate; Acai & Blueberry Dark Chocolate; and/or Goji & Raspberry Dark Chocolate for personal, family or household purposes in the five years preceding the filing of this Petition (the "Class Period").

43. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups,

7

counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

44. Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

45. There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

a. Whether the "NO ARTIFICIAL FLAVORS" claim on the Chocolate's label is false, misleading, and deceptive;

b. Whether Defendant violated the MMPA by selling the Chocolate with false, misleading, and deceptive representation;

c. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

d. Whether the label of the Chocolate creates false impressions and has the tendency and capacity to mislead consumers;

e. Whether Defendant breached an express warranty;

f. Whether Defendant was unjustly enriched; and

g. The proper measure of damages sustained by Plaintiff and Class Members.

46. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a

Electronically Filed - City of St. Louis - February 15, 2023 - 03:14 PM

sufficient relationship between the damage to Plaintiff sand Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

47. Plaintiff will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

48. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

   a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

   b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

   c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

   d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.  This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

49. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

50. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation.  Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests.  Therefore, class treatment is a superior method for adjudication of the issues in this case.

**CLAIMS FOR RELIEF**

**COUNT I**

**Violation of Missouri's Merchandising Practices Act**

51. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-50 as if fully set forth herein.

52. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce , RSMo. § 407.020.

10

53. Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts about the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Chocolate has "NO ARTIFICIAL FLAVORS," when in fact the Chocolate contains the Synthetic Flavoring Agent.

54. In addition, by claiming the Chocolate is made with "NO ARTIFICIAL FLAVORS," the label of the Chocolate creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.020) into believing that the Chocolate is made with only natural—not artificial, synthetic—ingredients, when in fact the Chocolate contains the Synthetic Flavoring Agent. Moreover, the overall format and appearance of the label of the Chocolate has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.030) because it creates the false impression that the Chocolate has NO ARTIFICIAL FLAVORS.

55. The Chocolate was therefore worth less than the Chocolate as represented, and Plaintiff and Class Members paid extra or a premium for it.

56. Neither Plaintiff nor any reasonable consumer would expect the Synthetic Flavoring Agent to be in Chocolate labeled "NO ARTIFICIAL FLAVORS."

57. Plaintiff and Class Members purchased the Chocolate for personal, family, or household purposes and thereby suffered an ascertainable loss because of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Chocolate and the value of the Chocolate if it had been as represented.

58. Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. RSMo. § 407.025.2.

## COUNT II

### Breach of Express Warranty

59.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-50 as if fully set forth herein.

60.     Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Chocolate is made with "NO ARTIFICIAL FLAVORS" guaranteeing to Plaintiff and the Class Members that the Chocolate was in conformance with the representation.

61.     This affirmation of fact and promise became part of the basis of the bargain in which Plaintiff and Class Members purchased Defendant's Chocolate, and Plaintiff and Class Members relied on the affirmations when making their purchasing decisions.

62.     Defendant breached its express warranty that the Chocolate is made with "NO ARTIFICIAL FLAVORS" by providing Plaintiff and Class Members with a product that contained the Synthetic Flavoring Agent.

63.     As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Chocolate that was not what it was represented to be, and they have spent money on Chocolate that had less value than was reflected in the premium purchase price they paid for the Chocolate.

64.     Because Defendant made the affirmation of fact and promise directly on its own label and packaging, privity is not required to bring this claim.

65.     Because Defendant has actual knowledge that its Chocolate contained the Synthetic Flavoring Agent in contravention of its "NO ARTIFICIAL FLAVORS" representation, pre-suit notice of this claim is not required.

66.     Plaintiff and Class Members suffered economic damages as a proximate result of

Electronically Filed - City of St. Louis - February 15, 2023 - 03:14 PM

Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Chocolate and the value of the Chocolate if they had been as represented.

## COUNT III

### In the Alternative, Unjust Enrichment

67. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-50 as if fully set forth herein.

68. By purchasing the Chocolate, Plaintiff and the Class Members conferred a benefit on Defendant in the form of the purchase price of the Chocolate.

69. Defendant appreciated the benefit because, were consumers not to purchase the Chocolate, Defendant would have no sales and make no money.

70. Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Chocolate.

71. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. Grant certification of this case as a class action;

b. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

    d.    Award pre- and post-judgment interest;

    e.    Award reasonable and necessary attorneys' fees and costs; and

    g.    For all such other and further relief as may be just and proper.

Dated: February 15, 2023        Respectfully submitted,

        By:    */s/ Matthew H. Armstrong*
               Matthew H. Armstrong (MoBar 42803)
               ARMSTRONG LAW FIRM LLC
               8816 Manchester Rd., No. 109
               St. Louis MO 63144
               Tel:    314-258-0212
               Email: matt@mattarmstronglaw.com

               Stuart L. Cochran (MoBar 68659)
               COCHRAN LAW PLLC
               8140 Walnut Hill Ln., Ste. 250
               Dallas TX 75231
               Tel:    469-333-3405
               Email: stuart@scochranlaw.com

               Attorneys for Plaintiff and the Putative Class